Our final case this morning is No. 24, 1918, Palmieri v. MSPB. Okay, Mr. Kirkpatrick. Thank you, Your Honors. May it please the Court, Joel Kirkpatrick appearing on behalf of my client, Petitioner Nicholas Palmieri, and I believe I have reserved four minutes. I think it's pretty clear from my brief and our position is that my client is and was to challenge pursuant to alleged misconduct that he received when he was removed. Well, he may be entitled to a hearing as a constitutional matter. The question is, does the statute give him a right to a hearing? That's correct. And it says that it has to be done pursuant to regulations which have never been issued. Well, that's correct. However, the problem that I think the agency has here in this case is that they removed him under a statute, 752 of Chapter 5, that grants him rights to challenge at the mayor report. They removed him under a statute because there were no regulations in place. The regulations that were supposed to apply to an appeal here or to this procedure don't exist. Well, I would say this, I would say that the agency has already conceded that they used the wrong statute when they proposed his removal. They said, we made a mistake and it's immaterial. So when you confer, as I represent federal employees, that's all I do for misconduct. A couple of times I come up here for cases and I will say this, is that when there's a mistake made and there's due process violations, it could be the smallest thing. It could be the fact that they used the wrong statute in this case. Those cases are reversed and sent back to let the agency fix the problem, to correct their mistake and start over. That's at the very least what I'm asking this court to consider here. And if we have a statute under 5 U.S.C. 3131, which is basically what we're here to talk about, is the fact that they lay out what's going to happen, but they don't say what will happen, if in fact there's going to be a hearing. As the agencies pointed out, these procedures haven't been set forth. So what do you do if you're an employee who's never been told this or received this, and I think it's laid out pretty clearly, bringing it up here, is that it's yet to be decided and promulgated by the Attorney General. At some point, the agencies and the government has to be held accountable for not having certain regulations in place. It's not where they say, we will have regulations in place, they don't have any in place. And when I come before courts all the time and I say, agencies, I should say that to the merit board, if there is certain things that aren't laid out, I know certain federal employees don't have board appeal rights. Why? Because it's written in the statute or it's written in the agency regulations that you don't have any board appeal rights. These may be real defects with the current structure of the system, but I don't see how that gives the MSPB authority to hear your client's case. I mean, the MSPB ultimately is a creature of statute, and if the statute is defined in such a way that it excludes from the MSPB appeals by DEA SES members, then I don't know if then the MSPB is not the right forum. Perhaps in district court, you can make this kind of a case. Well, the agency hasn't laid out any redress. They always lay out, agencies always lay out what you can do. If you're dissatisfied, you can file an EEO claim. If you're dissatisfied, you can go to the Office of Special Counsel and claim whistleblowing. If you're dissatisfied, you can file at the MSPB or whatever the case may be. There's no other provisions that I know as a practicing attorney in this field where I can go to district court and challenge the fact that he was going to be fired for alleged misconduct when it's laid out in how they fired him. Now, I understand we're here trying to figure out the absence of what 3131 says we can or can't do, but it certainly doesn't say you can't. So what I have to say is, and the reason we bring this to you today, Your Honors, is the fact that at some point when he is removed under a statute that grants the appeal rights, then the ultimate resolution is to send it back and make them correct. Correct their mistake. But who makes it correct? MSPB? Well, MSPB, or in this case, this forum. This forum has the power to say, you know what, this is a defect. This is a due process problem. You didn't fire him under the wrong statute, you converted board rights, as it's kind of laid out in the brief. I don't have to reiterate that. I think it's pretty clear on that. It's that it needs to be sent back for them to correct the defect that they had. Then they can go ahead and remove him under the proper, you know, statutory requirements. Look, I think when you see things like this that happen, Your Honors, where the agency is not clear, or I should say the statutes aren't clear and don't give you certain redress, the agency relies on the argument, well, if it's not there, we have to... I'm not sure about the statute. The statute seems to be pretty clear, that there's no hearing rights except pursuant to regulations issued by the Attorney General, which have never been issued. Yeah, entail to be held or decided pursuant to procedures established. And where are they? Why haven't they been established? And I understand what you're saying, Your Honor. I'm not trying to be cute or splice semantic here's with you. What I'm saying is, is that had the agency handed him his charging document, which is the proposed removal, and said, we're firing you under this statute, 752, which confers rights under the 5 U.S.C. 7543 that allows you to challenge these board appeal rights, then they need to be held accountable to this, and they need to correct that, and if they charge him again after you correct this and send this back, then he'll challenge it in the way that he has in front of him to do, however that might be. Does this, is this case influenced in any way by the fact that your client is with, was with the DEA? Well, if you're asking me if it's because he's with DEA, Your Honor? DEA. Okay. Any confidentiality or any special reasons as to, as to, as to that? No, there's no, if you're asking me any clearance matters, no, there's no security clearance issues that I'm aware of for this. I mean, there's certainly always certain things within the actual charges themselves, but it's laid out in the charging document, which I believe is part of the joint appendix, but no, there's nothing that, where I may run into that Department of Defense with clearance issues and so forth, but that's, that's not an issue here. The issue is, I think it's clear, and I think it's pretty simple, and I have to convince you of this, and I don't know if I can, but I'm doing my best to say, look, the agency must be held accountable if they're going to charge my client under a statute that grants board appeal rights and say, well, sorry, it's okay, we made a mistake, we're just going to get that ignored because we know we can't grant them rights because no provision has been put in place to say what would happen if an SES employee, once he steps over that threshold from being a grade 15, which he was, into being an SES. I put all... They cite the wrong statute. I'm sorry? Where's the citation to the wrong statute? Well, I believe that is in the, I want to say it is at Appendix 237, and this is the charging document, and it lays out, as Judge Randall just asked about, all the charges in there, so it's not something that's top secret clearance, but if you look at the top of page 237, this letter, it's a notice of proposed removal action taken in accordance with 5 USC, or 5 Code of Federal Regulations, excuse me, my mouth is dry, Part 752, and as the agency concedes on page 27 of their motion, they admit that this is the wrong statute that he was proposed to be removed for, and they even admit that this provides and grants board appeal rights through USC 7543D. So if there's a mistake in the charging document, the agency must be held accountable for their due process violations, and the redress for that, and the correction for that is for this court... Why isn't this the wrong citation harmless error? What's that? Why isn't the wrong citation harmless error? Well, I think because the whole genesis of my argument, Your Honor, is that under that citation, you have board appeal rights, which leads my clients to believe that he can challenge this removal under their theory of... If they cited the right statute, how would you have perceived it? Well, that is, that's the wrong statute, that's not the statute that he should have been proposed to be removed. Yeah, but if they cited the correct statute, the one that they're relying on now, what difference would it have made? Well, I mean, should the government be held accountable when they fire someone? What difference would it make? It'd make a lot of difference. I may not even be here today. I'm just trying to figure out, was there any prejudicial error? Assuming that this was erroneous to cite to Part 752 of the CFR, how did that prejudice this case? It's unclear to me, and perhaps to Judge Dyke as well, what difference does it make? Well, that's a good question, Your Honors, and I wish I could answer it in a way that would satisfy you, but I would say this, is that if you're going to, as a practitioner who represents people being fired daily, and there's always certain things that the board looks for into overturning when there is a significant error. It could be relied upon, the deciding official has material that he never relied upon previously, or something like that, or in this case, it's the wrong statute. I mean, the only thing I could say is, I don't have evidence that it was done nefariously, but it's still an error that should have happened. But I see that my time is done, and I think I have about three and a half minutes on rebuttal.  Ms. Smith? Good morning, and may it please the Court, Katherine Smith for the MSPB. I'd like to start just by returning to the conversation that Mr. Palmieri's counsel just had in pointing out that this is not actually a statute that's in the charging document, it's a regulation. And the agency's erroneous citation to a regulation that doesn't apply cannot override a clear statutory exception. Additionally, they did not actually remove Mr. Palmieri, he resigned after making his statutorily permitted reply, and the agency actually issued a notice saying that if he hadn't resigned, they would have removed him, in which they corrected their previously erroneous citation to this regulation. Does he have a constitutional right to a hearing? I would say yes, I think he does, although I don't want to concede that for the DEA if this should be taken into another forum. But that right is not before the MSPB. If he can go somewhere, he may be able to go to district court, under this court, and the D.C. Circuit's president in the two Aspara Garrett cases. But in no event can he come to MSPB, MSPB is a form of limited jurisdiction, we cannot hear a standalone constitutional claim, it must be coupled with an action that is under our jurisdiction by statute, and this is not. Why have the regulations not been issued for all these years? I can't speak to that, Your Honor, because I don't represent the DEA or the Attorney General. The DEA is under, I believe, the Department of Justice, that's why the Attorney General has the authority to issue those regulations, MSPB is a separate agency, and we don't have authority to review that. Do you read that statutory provision as demanding and requiring the Attorney General to issue regulations to provide for a hearing or appeal rights? I don't. I think it says that he may do so, regardless they afforded the appeal rights, the pre-removal appeal rights that are provided in the statute, so if there had been additional process provided by regulation, that would have been additional to what the statute requires, or perhaps it would have just carried out the statutory intent by specifying a particular forum, but he got the process that was provided in the statute. Well, not exactly, the statute contemplates a hearing pursuant to regulations issued by the Attorney General, and he didn't get that because the regulations were never issued. Well, I think, respectfully, Your Honor, I don't think that's quite correct. The statute says that, and then this is 3151A5D, that the pre-removal procedures have to be consistent with sections A, B, and C of 7543, except that any hearing or appeal to which he may be, is entitled, shall be held or decided pursuant to procedures established. I think that reference is to 7543C, which in turn references 7543B, and there, I'm sorry, C, 7543C, it says an agency may provide by regulation for a hearing which may be in lieu of or in addition to the opportunity to answer provided under subsection B2 of this section. So I actually don't think this is even talking about an MSP, a post-removal appeal at all. I think this is talking about process prior to the removal or suspension, and the statute contemplates that you can make some kind of response, and that the agency, if it wants to, can provide a specific hearing or appeal opportunity in addition to that response or in lieu of that response. I do not understand. You're saying this is a pre-removal procedure? I am. And I recognize that I think we may have- Post-decision. Well, if it's post, and I believe in our brief we argued it was post-decision because that was the arguments made below, and if it's post-decision, it's the same answer, which is that it's not before the MSPB, and so even if he had to have had something, it's not before the MSPB. The statute forbids it coming to the MSPB, and that is dispositive of this case. The board correctly held that. But if it's, and I can rest on that, Your Honor, unless you have- Are we missing something here? Are there any reasons? What are the reasons as to why the regulations were never promulgated? Which is contrary, well, it's contrary to the statute. The statute seems very clear, and it's mandatory and charging in its message that these procedures are to be set up. If they haven't been, then why does that not give us the basis to send this back and ask, why haven't you done this yet? Because as this Court found in Aspera-Guerra, to the extent that you can look at this issue because you have jurisdiction over an MSPB decision, the MSPB did not have jurisdiction over this issue. The MSPB doesn't have any authority to order the Attorney General to promulgate regulations. You'd have to do that under the APA in district court? I think that's right, Your Honor. And so, to the extent you could send it back, it could not come back through the board. And he still has that remedy available? I mean, I think there might be a timeliness problem, given that it's been many years and the MSPB . . . He doesn't have a time limit about applying for due process relief in district court, right? Well, I think specifically, Your Honor, that would be up to the district court. They could look at, whether it's timely, they could look at equitable tolling. I can't speak to what the district court would find or what the DEA, which would be the respondent or the defendant in district court, would represent. Are you saying there's a time limit on when a party can petition for rulemaking in a district court action? That's not my specialty, Your Honor, so I'm afraid I don't know. But if there is one, he is several years beyond what I would expect that to be. I mean, petition for rulemaking, I suppose, would be different from challenging his particular . . . the personnel action against him. But even if he petitioned for rulemaking and the Attorney General issued these regulations, there would have to be some kind of retroactivity question, given that he's already been removed . . . So, any prospective rulemaking authority would be the Attorney General, correct? Yes. That's what the statute says. The statute specifically provides the Attorney General with that authority. It does not provide that authority to the MSPB. It does not provide the MSPB authority to review those regulations or lack thereof.  Anything more? There's no further questions. Thank you.  Just briefly, Your Honors, I do want to correct. I did say Section 31 . . . or Statute 3131, I meant 3151. So, thank you. Counsel reminded me of that when she was up here. Also, I want to also correct that, yes, he did involuntarily retire prior to the expiration of the proposed removal. Involuntary retirement is an adverse action that is challengeable at the Board, just for the Court's certification. I'm not really certain what the government's position is that they're forbidden to take this to the MSPB. I know we've discussed this and it's been briefed pretty clearly in the case here, is that the redress for the failure of the agency to properly fire him under the proper statute, proper regulation, whatever it might be, should be something that should be remanded and corrected. Procedures for that is if it's sent back, it's sent back to the original court, the judge there, and the proceedings . . . actually, it's sent back to the agency and they have to re-propose. If they re-propose, then we'll address it. It's not the first time that's happened here. I've had a lot of cases remanded for whatever reason. Would Mr. Palmieri get back pay under those circumstances? Yes, he would. I've had employees that have been voluntarily retired in the past that have gotten reinstated and usually works out in settlement. The point is that the agency . . . just one last comment on 3151. It really has put employees in a no-man's land. What do I do if I get accused of misconduct and I'm allowed to respond to that in writing, I'm allowed to have an oral reply with a design official, and in every other situation where it's clear that you have board appeal rights or it never says you don't have board appeal rights, you can challenge to the authority, in this case, the MSPB for federal employees. There's nothing here that says you don't have that. I'm reminded being in this courtroom, I have represented court employees, probation officers at U.S. District Courts, and it's very clear, it's laid out what happens. That the chief judge generally, or who he designates, he or she designates, will be the design official and that's it. Whatever that decision is, it's done. I can reframe your argument. It seems to me perhaps what you're saying is that his resignation was involuntary because the regulations have never been issued and therefore he didn't have a remedy . . . Correct. . . . to challenge a forced removal. It was involuntary retirement, your honor, which is an adverse action, but I understand what you mean. Yes, you're right. He never had a chance to challenge it because DEA made it clear that he wouldn't go anywhere and obviously we instituted this action and appealed here for the court to basically take this and realize that there's too many holes here. There's too many unknowns. Do you have any idea how many people are in the FBI, DEA, Senior Executive Service? There's not many. I don't know how many there are. I've represented several SES over the years, but not with DEA or FBI. This is the first I've represented them. I see my time is over and I appreciate it unless you have any further questions. Okay. Thank you. Thank you all. The case is submitted.